IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF OKLAHOMA

FILED
AUG 29 2012
WILLIAM B. GUTHRIE
Clerk, U.S. District Court
By_____ Deputy Clerk

AMBERLEY HINER, individually; )
WHITNEY CARLTON, individually )
and AMBERLEY HINER, Personal )
Representative, )
 )
      Plaintiffs, )
 )
v. )  Case No.: CIV 12-367-SPS
 )
FARMERS NEW WORLD LIFE )
INSURANCE COMPANY, )
 )
      Defendant. )

## COMPLAINT

### FIRST CAUSE OF ACTION

COMES NOW the Plaintiffs above-named, Amberley Hiner, Whitney Carlton and Amberley Hiner, Personal Representative and for their cause of action against the Defendant, Farmers New World Life Insurance Company would state as follows:

1.    The Plaintiffs, Amberley Hiner and Whitney Carlton are residents of Muskogee County, Oklahoma. Amberley Hiner was appointed the Personal Representative of the Estate of Paula Young on May 17, 2012 in Case No. PB-12-46, Muskogee County, Oklahoma.

2.    Farmers New World Life Insurance Company is an insurance company with its principal place of business in the State of Washington, which is licensed to do business in Oklahoma.

3.    Farmers New World Life Insurance Company issued a policy on the life of Paula G. Young after November 1, 1987.

4.    Paula G. Young died on April 1, 2012.

5.   By letter dated April 20, 2012, the Defendant insurance carried was notified of the death of Paula Young, was provided with a copy of the Death Certificate and was further provided with a copy of Title 15 OSA § 178 and its affect upon the claim of any ex-husband on any proceeds of the life insurance policy.

6.   The Defendant has taken the position that there is a competing claim from Ralph Edward Carlton, an ex-husband.

7.   However, the Defendant insurance carrier has been notified and provided the statutory basis of the fact that an ex-husband, as a matter of statute, would have no claim to the insurance proceeds.

8.   The Defendant has refused to timely and properly process the claim and has further failed to pay the insurance proceeds, thus creating a breach of contract and causing consequential damages to the above-named beneficiaries.

## SECOND CAUSE OF ACTION

COMES NOW the Plaintiffs, above-named and hereby restate each of the allegations as above set forth and in addition thereto would inform the Court as follows:

9.   As a matter of law, the alleged competing claim is invalid.

10.   The Defendant refuses to comply and follow the statutes of the State of Oklahoma.

11.   The Defendant has had since April of 2012 to pay the insurance proceeds to the beneficiaries. The insured was murdered. This is a life insurance policy. The Defendant received notice of the claim on behalf of the beneficiaries of the policy, but refuses to pay the same.

12. The Defendant has failed to properly investigate the claim, failed to properly process the claim and has failed to timely pay the claim. Further, the Defendant has failed to fairly and in good faith consider the claim of the beneficiaries.

13. The purpose of life insurance is to timely pay upon the death of the insured. The purpose of the life insurance has essentially been defeated by the failure of the defendant carrier to timely and properly pay the claim.

14. The acts and refusal to act by the Defendant, constitute both a breach of contract and bad faith, both of which has caused damage to the beneficiaries due to the failure to timely and fairly respond to and process the life insurance claim.

15. The acts of bad faith by the Defendant include, but are not limited to:

   a. failure to properly investigate and process the claim;

   b. failure to comply the statutes of the State of Oklahoma;

   c. failure to timely and properly determine that the alleged other claim to the proceeds is by statute and as a matter of law, invalid;

   d. failure to pay the amounts called for under the terms of the insurance policy;

   e. failure to comply with Oklahoma Statutes;

   f. improperly and wrongfully obstructing the beneficiaries that they had to reach a settlement with another claimant, who by statute, had no claim; and

   g. failure to provide requested information to the beneficiaries.

WHEREFORE, based upon the above and foregoing, Plaintiffs should receive judgment for the amount of the insurance policy, which is believed to be $100,000.00, together with consequential damages for breaching the contact, damages for bad faith, interest, costs, attorney fees and such other and further relief as the Court may deem

reasonable and proper due to the intentional breach of this contact, the willful disregard of the rights of the insured and the willful misconduct on the part of the insurance company by its intentional withholding of funds and failure to comply with Oklahoma law, all of which should and does grant the Plaintiffs the right to punitive damages in an amount to be determined by a jury.

Therefore, the Plaintiffs request judgment, as above set forth, for actual damages, consequential damages, bad faith damages, punitive damages and all of the policy benefits to which the Plaintiffs were entitled under the terms of the policy together with interests, costs, attorney fees and such other and further relief as the Court may deem reasonable and proper.

Date: August 29, 2012.

Respectfully submitted,

Weldon Stout, OBA #8673
WRIGHT, STOUT & WILBURN, PLLC
300 W. Broadway, P.O. Box 707
Muskogee, OK 74402-0707
Tele: 918.682-1121
Fax:  918.683-6340
Email: weldon@wsfw-ok.com
Attorneys for Plaintiffs

**JURY TRIAL DEMANDED**
**ATTORNEY LIEN CLAIMED**

u:\wstout\lynne\lynne\hiner\complaint 8-29-12.docx